DOWNEY, Chief Judge.
This case involves an appeal from a judgment finding appellant delinquent and placing him on probation. Appellant designates *89 the judicial act to be reviewed as the court’s order of October 5, 1978, denying appellant’s motion to suppress contraband found on his person as a result of a warrantless search. Appellant pleaded nolo contendere, reserving the right to question the propriety of the October 5, 1978, order on appeal.
In brief, the evidence adduced at the suppression hearing was that Officer Lockmil-ler was called to the home of Mr. Wagner, who showed the officer what he suspected to be marijuana under his stepson’s bed. Wagner advised Lockmiller that his stepson, David Ware, had departed the house about an hour earlier on a red motorcycle in the company of appellant and that they were probably going to the area around the Pines Cinema.
After stopping appellant Lockmiller told Gourdeau he noticed a bulge in appellant’s midsection which could be a weapon. Gour-deau asked appellant, “What have you got there?” Appellant said, “Nothing.” At which point appellant turned sideways and reached toward the bulge area. Gourdeau then “grabbed for the same area” and pulled out a plastic bag of marijuana.
Lockmiller testified the police stopped appellant to inquire about the whereabouts of Ware. Gourdeau said they stopped appellant based upon the probable cause he had of a narcotics violation.
We have scoured this record and find no support for the stop involved here. The officers did not have probable cause to believe appellant had violated any law, nor did they have a reasonable, founded suspicion that appellant was involved in some criminal activity, past, present, or future. Therefore, the resulting search involved in the snatching of the contraband which created the bulge was also improper.
For the foregoing reasons we reverse the judgment appealed from and remand the cause with directions to discharge appellant.
REVERSED and REMANDED with directions.
BERANEK and GLICKSTEIN, JJ., concur.